## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 53068

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>MONICA LYNN HURD,<br><br>　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

)　**Filed: June 30, 2026**

)　**Melanie Gagnepain, Clerk**

)　**THIS IS AN UNPUBLISHED**
)　**OPINION AND SHALL NOT**
)　**BE CITED AS AUTHORITY**

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Judgment of conviction and suspended unified sentence of five years, with a minimum period of confinement of two years, for sexual battery of a minor child sixteen or seventeen years of age, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; LORELLO, Judge;
and MELANSON, Judge Pro Tem

_____

PER CURIAM

Monica Lynn Hurd pled guilty to sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A(1)(c). In exchange for her guilty plea, an additional charge was dismissed. The district court sentenced Hurd to a unified term of five years, with a minimum period of confinement of two years, but suspended the sentence and placed Hurd on probation. "Mindful" that she received "the underlying sentence" she requested, Hurd appeals, arguing that her sentence is excessive.

Although Hurd received the sentence she asked for, she asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from

1

asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Hurd received the sentence she requested, she may not complain that the district court abused its discretion. Accordingly, Hurd's judgment of conviction and sentence are affirmed.